UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERANCE MORICE HIGHBULL,<br><br>Defendant. | 4:16-CR-40029-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Terance Morice Highbull, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 80. Plaintiff, the United States of America, opposes the motion. Docket 92. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On April 24, 2017, Highbull pleaded guilty to sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and 18 U.S.C. §§ 2251(e). Dockets 45, 49. On July 24, 2017, the court sentenced Highbull to 300 months in custody followed by 15 years of supervised release. Docket 62 at 2; Docket 63 at 2-3. Highbull is eligible for home confinement on December 9, 2036, and his current anticipated release date is June 9, 2037. Docket 82 at 427.

Highbull is incarcerated at Federal Correctional Institution (FCI) Fairton in Fairton, New Jersey. Docket 80 at 4. As of November 23, 2020, there are currently 0 active COVID-19 cases among FCI Fairton's inmates, 12 active cases among the facility's staff, 0 deaths from COVID-19, and 103 inmates have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of

Prisons, https://www.bop.gov/coronavirus/ (last visited on Dec. 2, 2020).

Highbull is 41 years old. Docket 82 at 282. His chronic medical conditions include asthma, COPD, seizures, high cholesterol, obesity, and prediabetes. Docket 80 at 4; Docket 82 at 347; Docket 87 at 3. Highbull is prescribed numerous inhalers to treat his asthma and COPD. Docket 82 at 357-58; Docket 84 at 9-10. Highbull takes atorvastatin daily for his high cholesterol. *Id.* at 37. Although Highbull claims he suffers from obesity, medical records provided by the Bureau of Prisons (BOP) show that his BMI was a 27 and "within normal limits" as of July 28, 2020. Docket 82 at 287, 289.

On August 1, 2020, Highbull completed an Inmate Request to Staff form, requesting that he be considered for home confinement due to COVID-19. Docket 80 at 1; Docket 80-1 at 1. On October 23, 2020, Highbull's counsel submitted an application for compassionate release to the warden on Highbull's behalf. Docket 95-1. On September 17, 2020, Highbull filed a pro se motion with the court for relief under the First Step Act. Docket 80. Highbull's counsel subsequently filed a supplement to his pro se motion. Docket 87.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603.

Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Highbull argues that the risk posed by the global COVID-19 pandemic together with his adverse health conditions satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 80 at 2-3. Highbull requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as a condition of supervised release. *Id.* at 5.

### I.  Administrative Exhaustion

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

3

such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Highbull argues that he exhausted his administrative remedies. Docket 80 at 3. The United States argues that Highbull did not submit a request for compassionate release. Docket 92 at 2,4. Highbull attached a copy of an Inmate Request to Staff form dated August 1, 2020, where he requested compassionate release. Docket 80-1. On October 23, 2020, counsel for Highbull submitted an application for compassionate release to the warden. Docket 95-1. Regardless of which request for compassionate release this court uses, the 30-day period expired, at the latest, on November 23, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Highbull's motion is ripe for review on the merits.

## II.     **Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is

4

a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at

5

\*3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at \*3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at \*3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at \*2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Highbull has failed to show that his medical conditions rise to extraordinary and compelling circumstances.

Highbull contends that his circumstances warrant relief under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D). Docket 87 at 3-4. Highbull argues that his health conditions—asthma, COPD, seizures, high cholesterol, obesity, and prediabetes—put him at high-risk of severe illness if he contracts COVID-19. Docket 80 at 4; Docket 82 at 347; Docket 87 at 3.

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), smoking, heart conditions, sickle

6

cell disease, and Type II diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Nov. 2, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of medical conditions that *may* put a person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), hypertension or high blood pressure, liver disease, overweight, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Highbull's health conditions include asthma, COPD, high cholesterol, prediabetes, and a positive case of COVID-19 (now recovered). Docket 80 at 4; Docket 82 at 347. The United States appears to concede that Highbull's COPD is an "extraordinary and compelling reason" for a sentence reduction. Docket 92 at 10. To the extent the United States suggests that COPD standing alone qualifies as a compelling and extraordinary reason warranting release, the court disagrees. Highbull has not identified how his COPD prevents him from providing self-care in a correctional facility setting or how it amounts to extraordinary and compelling circumstances.

In the most recent medical notes from July of 2020, Highbull's pulmonary inspection was indicated to be within normal limits. Docket 82 at 300. Highbull is prescribed inhalers for his COPD and uses his inhalers as prescribed. *Id.* at 285, 317. His COPD is described as "under good control." *Id.* at 202; *see United States v. Thompson*, 2020 WL 2857816, at *2-3 (E.D. Wash. June 2, 2020) (finding 67-year old defendant with asthma and COPD did not

7

establish extraordinary or compelling reasons because defendant's medical conditions did not incapacitate him and he was receiving medical care for his illnesses).

Highbull's asthma is listed as a medical condition that might increase the risk of severe illness from COVID-19. His medical records do reflect a history of asthma. E.g., Docket 82 at 16, 57, 108, 198. During his time in custody, Highbull's asthma symptoms have varied. *See id.* at 202; Docket 84 at 5, 34, 37. When Highbull experiences shortness of breath, his rescue inhaler helps relieve his symptoms. Docket 34 at 5, 35; *see United States v. Muhlenhardt*, 2020 WL 4697112, at *4 (D. Minn. Aug. 13, 2020) ("[D]espite the risk [the defendant's] asthma can present, the Court agrees with the findings of several courts that this risk alone is insufficient to warrant release."); *United States v. Slone*, 2020 WL 3542196, at *6 (E.D. Pa. June 30, 2020) ("[A]n incarcerated person arguing extraordinary and compelling reasons based on asthma which is not moderate to severe is not entitled to compassionate release.").

Highbull's other medical conditions—high cholesterol and prediabetes— are not listed as a medical condition that might increase or will increase the risk of severe illness from COVID-19. And there is no evidence in the record to suggest that Highbull has not been able to manage these conditions while in the prison environment. Highbull is receiving medical attention and treatment for these conditions, which all appear to be stable or controlled. *See,* e.g., Docket 82 at 58, 108, 285, 345. "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v.*

8

*Ayon-Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) (citation omitted).

Also, Highbull tested positive for COVID-19. Docket 82 at 134. Highbull did not experience a fever, chills, shortness of breath, or GI issues. Docket 84 at 55-61. Based on the medical records provided by the BOP, it seems that Highbull was asymptomatic. *See id.; See also* Docket 82 at 349. Thus, even though Highbull has medical conditions that theoretically put him at a higher risk for severe illness from COVID-19, that has not been the case as of yet. It has been four months since Highbull tested positive, and his condition remains stable. Docket 82 at 300. The court finds that Highbull's circumstances do not clear the high bar necessary to warrant a sentence reduction under U.S.S.G. § 1B1.13 comment note 1(A) or U.S.S.G. § 1B1.13 comment note 1(D).

The court believes that Highbull's medical conditions are appropriately managed at FCI Fairton, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, that it adequately treated inmates who contracted COVID-19, and that it would continue to provide adequate treatment to any inmate who does contract COVID-19 in the future. Although the court in no way underestimates Highbull's health conditions, such ailments, coupled with the present conditions at FCI Fairton, do not establish extraordinary and compelling reasons justifying his early release.

Even assuming Highbull 's medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Highbull pleaded guilty to sexual exploitation of a minor. Dockets

45, 49. When searching his cellphone, law enforcement found 4 images and 2 videos depicting sexual content with the victim in this case who was only thirteen years old. Docket 58 ¶¶ 9-10. The defendant received several offense level increases due to the age of his victim and the nature of the sexual acts. *Id.* ¶¶ 16-18. Highbull's total offense level was a 37, and he was in criminal history category III. *Id.* ¶¶ 26, 45. His advisory guideline range was 262 to 327 months in custody. *Id.* ¶ 83. The offense carried a mandatory minimum sentence of 15 years. *Id.* ¶ 82. The court gave Highbull a guideline sentence of 300 months in custody. Docket 63 at 2. Highbull has only served approximately 18.3% of his full term and 21.5% of his statutory term. Docket 82 at 427. Overall, the court finds that Highbull's original sentence of 300 months in custody with 15 years of supervised release continues to be appropriate for the seriousness of the crime to which he pleaded guilty.

## CONCLUSION

Highbull has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 80) is denied.

Dated December 2, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE